UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD MAHOGANY, JR.**                                                **CIVIL ACTION**

**VERSUS**                                                               **NO. 07-1280**

**LA.R.S. 15:1186(A)(2) AND (B)(2)(a), ET AL.**                          **SECTION: "J"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Richard Mahogany, Jr., a state prisoner, filed this *pro se* and *in forma pauperis*[1] complaint. He names as defendants a Louisiana statute, the State of Louisiana, and the Louisiana Supreme Court. In this lawsuit, he seeks to challenge the constitutionality of La.Rev.Stat.Ann. § 15:1186, the statute concerning *in forma pauperis* filings by prisoners in the Louisiana state courts.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

---

[1] This is the fifth lawsuit plaintiff has filed in this Court in the past year alone. Two of those lawsuits were dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). See Mahogany v. Stalder, Civil Action No. 06-2293 "I"(5) (E.D. La. June 7, 2006); Mahogany v. Rogers, Civil Action No. 06-2351 "S"(5) (E.D. La. Jan. 31, 2007). The remaining two lawsuits were dismissed as frivolous and/or for failure to state a claim. See Mahogany v. Miller, Civil Action No. 06-1870 "R"(1) (E.D. La. Aug. 4, 2006); Mahogany v. Muwwakkil, Civil Action No. 06-3980 "I"(2) (E.D. La. Dec. 1, 2006). However, those dismissals do not yet count as "strikes" for purposes of 28 U.S.C. § 1915(g) because plaintiff has filed an appeal in each of the cases. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Therefore, despite plaintiff's clear history of frivolous litigation in this Court, he is not yet statutorily ineligible to proceed *in forma pauperis*.

from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Broadly reading plaintiff's complaint,[2] the Court finds that plaintiff's complaint should be dismissed as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

As a preliminary matter, the Court notes that plaintiff has named no proper defendants.

The first defendant listed is "La. R.S. 15:1186(A)(2) and (B)(2)(a)." However, this lawsuit is a federal civil rights action brought pursuant to 42 U.S.C. § 1983. Such actions may be brought only against "a *person* or *persons* acting under color of state law." See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added). A statute is not a person. Moore v. Hillman, Nos. 4:06-CV-43 and 4:06-CV-45, 2006 WL 1313880, at *3 (W.D. Mich. May 12, 2006).

The second defendant listed is the State of Louisiana. The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

The final defendant named is the Louisiana Supreme Court. However, the Eleventh Amendment likewise bars § 1983 claims against that entity. <u>Jefferson v. Louisiana State Supreme Court</u>, 46 Fed. App'x 732 (5th Cir. 2002); <u>Southern Christian Leadership Conference v. Supreme Court of State of Louisiana</u>, 252 F.3d 781, 782 n.2 (5th Cir. 2001). Further, in any event, the Louisiana Supreme Court is not a "person" subject to suit under § 1983. <u>Moity v. Louisiana State Bar Association</u>, 414 F. Supp. 180, 182 (E.D. La.), <u>aff'd</u>, 537 F.2d 1141 (5th Cir. 1976); <u>Harris v. Louisiana State Supreme Court</u>, 334 F.Supp. 1289 , 1300 (E.D. La. 1971).

Nevertheless, even if the Court were to overlook the fact that no proper defendants have been named or were to afford plaintiff an opportunity to amend his complaint to try to identify a proper defendant, it must be noted that plaintiff's complaint would still be subject to dismissal because it is ultimately frivolous.

In this lawsuit, plaintiff challenges the constitutionality of state law provisions which allow prisoners to file civil actions in state court *in forma pauperis* but do not allow those actions to proceed until the fees are in fact paid. The statutory provisions in question are part of the Louisiana Prison Litigation Reform Act ("LPLRA"), as amended. In pertinent part, the LPLRA provides:

> A. (1) A prisoner who seeks to bring a civil action or file an appeal or writ application in a civil action without prepayment of fees or security must comply with all requirements for proceeding in forma pauperis except Code of Civil Procedure Article 5183(A)(2) and shall submit a certified copy of the trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application obtained from the appropriate official of each prison at which the prisoner is or was confined.
>
> (2) If a prisoner brings a civil action or files an appeal or writ application in forma pauperis as authorized by Paragraph (A)(1), the prisoner shall still be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of

4

twenty percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application.

....

B. (1) After payment of the initial partial filing fee, as required by Paragraph (A)(2) of this Section, the prisoner shall be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds ten dollars until the filing fees are paid. In no event shall the filing fee collected exceed the amount of fees permitted by statute.

(2)(a) The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

(b) If at any time during the pendency of the action additional costs of court or fees due the clerk by the prisoner accrue and are unpaid by the prisoner, then upon order of the court ex proprio motu or upon motion of the clerk or any other party, the action may be stayed as provided herein until all such additional costs are paid.

(c) If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice. This provision shall be operative without formal order, but, on the court's own motion or upon ex parte motion of any party, the clerk or other interested person by affidavit which provides that the full court costs and fees have not been paid within three years from when they were incurred, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Code of Civil Procedure Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.

(d) The automatic stay shall not apply only if the court makes a written finding that:

>  (i) The suit is a proceeding for judicial review brought pursuant to R.S. 15:574.11 or R.S. 15:1177;
>
>  (ii) The suit is a post-conviction relief or habeas corpus proceeding challenging the fact or duration of confinement in prison; or
>
>  (iii) The inmate is in imminent danger of serious physical injury, the suit solely seeks injunctive relief to avoid the danger, and relief is available in the suit which will avert the danger.

La.Rev.Stat.Ann. § 15:1186.

It has been noted that the provisions of the LPLRA "are largely based on corresponding provisions of the federal Prison Litigation Reform Act in 28 U.S.C. § 1915." Vincent v. Creed, 917 So.2d 1289, 1292 (La. App. 2nd Cir. 2005). However, one significant difference between the state and federal statutes is the automatic stay provision of La.Rev.Stat.Ann. § 15:1186(B)(2)(a), a provision which has no corresponding federal provision. Id. It is that provision which plaintiff now challenges.

The Louisiana state courts have repeatedly found that the LPLRA does not violate the Louisiana Constitution. See, e.g., id.; Warren v. Easter, 914 So.2d 586 (La. App. 1st Cir. 2005); Rhone v. Ward, 902 So.2d 1258 (La. App. 2nd Cir. 2005), writ granted and remanded on other grounds, 920 So.2d 217 (La. 2006). Plaintiff argues, however, that the stay provision is unconstitutional under the United States Constitution.

The Court notes that it is not unsympathetic to plaintiff's argument. Although the LPLRA does not generally prevent prisoners from being granted pauper status in civil cases, it arguably eviscerates that benefit by barring prisoners from *pursuing* their actions until the fees are in fact paid. Therefore, other than protection of the filing date for prescription purposes, this Court sees

little benefit to the granting of such status. Moreover, the stay provision is made even more troubling by the fact that a prisoner's case is dismissed unless the fees are paid in full within three years. La.Rev.Stat.Ann. § 15:1186(B)(2)(c). Even for those prisoners who earn incentive wages, such wages are normally nominal, and it would be no small feat for a prisoner to save enough money within three years to pay the hefty filing fee.[3] Therefore, the "pauper status" granted to indigent prisoners without access to outside funds may in many instances be an illusory benefit.

Nevertheless, despite the fact that the LPLRA gives this Court pause, the mere fact that a law is arguably draconian does not mean that it is *unconstitutional*. For the following reasons, the Court concludes that the LPLRA does not pass that impermissible line.

The Court first notes that plaintiff's challenge to the LPLRA is based on a premise that indigent persons have a constitutional right to file civil actions. That premise is flawed. It is true that the United States Supreme Court has "recognized a narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees." M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996). However, that Court has further noted that "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." Id. at 114. The federal Constitution requires that an indigent person be allowed to pursue a civil case without prepayment of fees *only* when a "fundamental interest" is at stake. Generally, the United States Supreme Court has found a "fundamental interest" at stake only in the extremely limited category of cases "involving state controls or intrusions on family relationships." Id. at 116. Where

---

[3] Plaintiff has attached to his complaint as Exhibit 2 evidence that his filing fee in one of his state cases was $550.00.

other "lesser" interests are at stake, the Constitution simply does *not* require that an indigent person be allowed to pursue a civil case without prepayment of fees.  See e.g., Ortwein v. Schwab, 410 U.S. 656 (1973) (fee waiver not required in case challenging reduction of welfare benefits); United States v. Kras, 409 U.S. 434 (1973) (fee waiver not required in bankruptcy proceedings).  Plaintiff does not allege that his cases in which a stay has been enforced involve a "fundamental interest" as interpreted by the United States Supreme Court, nor, for that matter, has he alleged that a stay has *ever* been invoked in *any* case involving such an interest.  Moreover, it is apparent from the attachments to plaintiff's complaint that the stays invoked against him have been in lawsuits he filed against prison officials which would not seem to implicate such a "fundamental interest."[4]

The Court further rejects plaintiff's challenge to the provision on Equal Protection grounds. This case does not involve a suspect class.  See Carson v. Johnson, 112 F.3d 818, 821-22 (5th Cir. 1997) ("Neither prisoners nor indigents constitute a suspect class.").  Moreover, as noted above, no fundamental interest is at stake.  Where, as here, a statute does not burden either a suspect class or a fundamental interest, the statute will not be invalidated under the federal Equal Protection Clause

---

[4] This Court again notes that the state law specifically provides that the stay provision does not apply in the following types of cases filed by prisoners:

> (i) The suit is a proceeding for judicial review brought pursuant to R.S. 15:574.11 or R.S. 15:1177;
> (ii) The suit is a post-conviction relief or habeas corpus proceeding challenging the fact or duration of confinement in prison; or
> (iii) The inmate is in imminent danger of serious physical injury, the suit solely seeks injunctive relief to avoid the danger, and relief is available in the suit which will avert the danger.

La.Rev.Stat.Ann. § 15:1186(B)(2)(d).

8

"unless the varying treatment of differing groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were *irrational*." Pennell v. City of San Jose, 485 U.S. 1, 14 (1988) (emphasis added). In other words, legislative enactments are upheld so long as the statutory scheme is "rationally related to a legitimate state interest." Id.

In the instant case, a legitimate state interest is clearly at stake. "[T]he purpose of the [LPLRA] is to curtail baseless and nuisance suits by prisoners." Rhone, 902 So.2d at 1262. "It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest." Carson, 112 F.3d at 822. Accordingly, the only question is whether the line drawn in the LPLRA is a rational one. The Court finds that it is.

In a case challenging the *federal* restrictions on pauper actions filed by prisoners, the United States Fifth Circuit Court of Appeals noted that drawing a distinction between prisoners and other litigants with respect to pauper status is clearly rational, because "pro se civil rights litigation has become a recreational activity for state prisoners, and prisoners have abused the judicial system in a manner that non-prisoners simply have not." Carson, 112 F.3d at 822. Of course, the most onerous provisions of the federal law are limited in application to only those prisoners with a demonstrated history of frivolous or otherwise abusive filings, while LPLRA's stay provisions apply to actions filed by *all* prisoners. However, the state's tack furthers the underlying goal because it encourages *all* prisoners to carefully consider the merit of *all* lawsuits they file. As the Louisiana Second Circuit Court of Appeal noted in an opinion rejecting an equal protection challenge under state law:

> The automatic stay provision furthers these state interests by requiring indigent prisoners to pay the costs of litigation as they accrue. This discourages prisoners from filing suits that lack merit and that are filed for recreational or harassment purposes. It also discourages the filing of unnecessary motions and discovery requests that prolong litigation, increase the cost for litigants, and strain limited judicial resources. By knowing that their civil suit will be stayed pending payment of costs and fees associated with litigation, prisoners who might otherwise file countless unworthy suits are led to weigh the costs of litigation to determine whether they have a claim worthy of pursuit and expenditure of their limited monetary resources. For these reasons, we find that the automatic stay provision of La. R.S. 15:1186(B)(2) is supported by a rational basis reasonably related to a governmental interest and does not violate equal protection under our state constitution.

Rhone, 902 So.2d at 1262.

That insight is not lost on this Court. In federal court, a prisoner may pursue frivolous litigation with few limits until he amasses a total of three strikes. 28 U.S.C. § 1915(g). As a result, prisoners are sometimes able to waste precious judicial resources by filing numerous frivolous lawsuits over a short period of time because they have not yet "struck out." Plaintiff is a perfect example of just such a prisoner, in that, as noted, he has been able to file *four* previous frivolous lawsuits in this Court alone *within the past year*.[5]  In light of such realities, and for the reasons cited in Rhone, this Court cannot say that the firmer stance taken by Louisiana for state court filings is irrational. Accordingly, plaintiff's challenge under the federal Equal Protection Clause should fail.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

---

[5] See *supra* note 1. Even the lawsuits barred by Heck are considered legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of April, 2007.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**